UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-57-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | SUPERSEDING INDICTMENT |
| | ) | |
| JAMAAL EUGENE EVANS | ) | |

The Grand Jury charges that:

COUNT ONE

At all times material to this Count, RJ Tobacco Mart in Cumberland County, North Carolina was engaged in a commercial retail business in interstate and foreign commerce and was an industry which affects interstate and foreign commerce.

On or about January 14, 2014, in the Eastern District of North Carolina, JAMAAL EUGENE EVANS, defendant herein, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce, as that term is defined in Title 18, United States Code, Section 1951(b), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b), of RJ Tobacco Mart.

All in violation of Title 18, United States Code, Section 1951.

COUNT TWO

On or about January 14, 2014, in the Eastern District of North Carolina, JAMAAL EUGENE EVANS, defendant herein, knowingly used and carried a firearm during and in relation to a crime of violence for

which he may be prosecuted in a court of the United States, that is, robbery affecting interstate commerce, in violation of Title 18, United States Code, Section 1951, as alleged in Count One of this indictment, and possessed the firearm in furtherance of said crime, and said firearm was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THREE

At all times material to this Count, Kangaroo Express in Cumberland County, North Carolina was engaged in a commercial retail business in interstate and foreign commerce and was an industry which affects interstate and foreign commerce.

On or about January 18, 2014, in the Eastern District of North Carolina, JAMAAL EUGENE EVANS, defendant herein, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce, as that term is defined in Title 18, United States Code, Section 1951(b), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b), of Kangaroo Express.

All in violation of Title 18, United States Code, Section 1951.

## COUNT FOUR

On or about January 18, 2014, in the Eastern District of North Carolina, JAMAAL EUGENE EVANS, defendant herein, knowingly used and carried a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery affecting interstate commerce, in violation of Title 18, United States Code, Section 1951, as alleged in Count Three of this indictment, and possessed the firearm in furtherance of said crime, and said firearm was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT FIVE

On or about July 31, 2013, in the Eastern District of North Carolina, JAMAAL EUGENE EVANS, defendant herein, with the intent to cause death and serious bodily harm, took a motor vehicle, that is, a 2000 Saturn, that had been transported, shipped, and received in interstate or foreign commerce, from the person and the presence of another, by force and violence, and by intimidation, resulting in serious bodily injury, to wit, the comminuted angulated fracture of the person's femur, that caused a substantial risk of death and extreme physical pain, in violation of Title 18, United States Code, Section 2119(2).

## COUNT SIX

On or about JULY 31, 2013, in the Eastern District of North Carolina, JAMAAL EUGENE EVANS, defendant herein, knowingly used and carried a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, carjacking, in violation of Title 18, United States Code, Section 2119, as alleged in Count Five of this Superseding Indictment, and possessed the firearm in furtherance of said crime, and said firearm was brandished and discharged, in violation of Title 18, United States Code, Section 924(c)(1)(A).

4

## FORFEITURE NOTICE

As a result of the foregoing offenses in Counts One and Three, the defendant shall forfeit to the United States any and all of the defendant's interest in property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation, in accordance with Title 18, United States Code, Section 981(a)(1)(C).

In addition, as a result of the foregoing offenses in Counts Two, Four, and Six, the defendant shall forfeit to the United States any and all of the defendant's interest in any firearms and ammunition involved in or used in a knowing violation of Title 18, United States Code, Section 924(c)(1)(A), under the provisions of Title 18, United States Code, Section 924(d)(1), as made applicable by Title 28, United States Code, Section 2461(c).

The forfeitable property includes, but is not limited to, the following:

(a) $553.00 in U.S. currency; and

(b) Any firearm or ammunition recovered

If any of the above-described forfeitable property, as a result of any act or omission of the defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

5

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty.

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL:

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

_____ FOREPERSON

DATE: 4/21/2015

THOMAS G. WALKER
United States Attorney

*A. Katherine Burnette*
BY: S/ KATHERINE BURNETTE
Assistant United States Attorney

6