IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-57-H

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| JAMAAL EUGENE EVANS, ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to dismiss counts two, four, and six of the superseding indictment under Rule 12 of the Federal Rules of Criminal Procedure. [D.E. #44]. The government has filed a response, and defendant has filed a reply. The court held a hearing in this matter on October 8, 2015, at which both parties presented arguments. The court took this matter under advisement, and it is now ripe for adjudication.

## BACKGROUND

On April 21, 2015, defendant was charged in counts two, four, and six of the superseding indictment with using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The alleged underlying crimes of violence for these § 924(c) counts are two counts of Hobbs Act robberies under 18 U.S.C. § 1951(b) and one count of carjacking under 18 U.S.C. § 2119(2). Defendant moves to dismiss these § 924(c) counts, arguing the alleged underlying Hobbs Act

robberies and carjacking offenses do not categorically qualify as a crime of violence under § 924(c)(1)(A).

**COURT'S DISCUSSION**

Title 18 U.S.C. § 924(c)(1) prescribes a statutory sentencing enhancement for a person who knowingly uses or carries a firearm during and in relation to a crime of violence. The term "crime of violence" as used in 18 U.S.C. § 924(c) refers to a felony offense that either:

> (A) has as an element the use, attempted use, or threated use of physical force against the person or property of another, or
>
> (B) ...by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The question presented in the instant motion is whether Hobbs Act robbery under 18 U.S.C. § 1951 and carjacking under 18 U.S.C. § 2119(2) can be considered crimes of violence for purposes of 18 U.S.C. § 924(c).

**I.   Timeliness of Defendant's Motion to Dismiss**

Rule 12 of the Federal Rules of Criminal Procedure generally proscribes the filing of an untimely motion to dismiss an indictment for failure to state an offense unless good cause is shown. Fed.R.Crim.P. 12(b)(3)(B)(V) and (c)(3). Defendant filed the instant motion to dismiss on September 9, 2015, well after the April 15, 2015 deadline established for filing

pretrial motions. [D.E. ##18, 44]. After expiration of the filing deadline for pretrial motions, the United States Supreme Court delivered its decision in Johnson v. United States, __ U.S. __, 135 S.Ct. 2551 (2015) (declaring the residual clause of the ACCA unconstitutional) ("Johnson 2015"). Due to the far-reaching and developing impact of this decision, the court finds good cause to consider the merits of defendant's motion and hereby deems it timely filed.

### II. Hobbs Act Robbery

Title 18 U.S.C. § 1951 proscribes the interference with commerce by robbery. Specifically § 1951(a) states:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). As defined in § 1951(b)(1), robbery means:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

3

To determine whether an offense qualifies as a crime of violence under 18 U.S.C. § 924(c), the court must employ either the "categorical approach" or the "modified categorical approach." United States v. Fuertes, __ F.3d __, 2015 WL 4910113, at *8 (4th Cir. Aug. 18, 2015). Under the categorical approach, the court "look[s] only to the fact of conviction and the statutory definition of the [ ] offense." Id. (quoting James v. United States, 550 U.S. 192, 202 (2007)). "[T]he modified [categorical] approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the [alleged predicate offense]." Id. (quoting Descamps v. United States, __ U.S. __, 133 S.Ct. 2276, 2283 (2013)). The modified categorical approach allows the court to examine approved documents, including an indictment, to determine which statutory alternative is implicated by the predicate offense. Descamps, 133 S.Ct. at 2284-85.

A statute is indivisible when the jury is not required to agree on anything further than the fact that a defendant violated the statute. Id. (citing Rendon v. Holder, 764 F.3d 1077, 1085 (9th Cir. 2014)). A disjunctive statutory definition does not necessarily render the statute indivisible; rather, only when a jury is required to unanimously agree that the

4

defendant committed "a particular substantive offense contained within the disjunctively worded statute" can the court conclude that the statute contains alternative elements and not alternative means. Id. (citing Omargharib v. Holder, 775 F.3d 192, 194 (4th Cir. 2014) and Rendon, 764 F.3d at 1086). Therefore, a statute that provides only for alternative *means* of committing the offense, as opposed to alternative *elements*, is indivisible and requires application of the categorical approach. Id.

Under the categorical approach, the court does not consider the "particular facts disclosed by the record of conviction;" instead, the court "look[s] only to the fact of conviction and the statutory definition of the [ ] offense." Id. (quoting James v. United States, 550 U.S. 192, 202 (2007) overruled on other grounds by Johnson v. United States, __ U.S. __, 135 S.Ct. 2551 (2015)). The purpose of the categorical approach "is not to determine whether the defendant's conduct *could* support a conviction for a crime of violence, but to determine whether the defendant was *in fact convicted* of a crime that qualifies as a crime of violence." Id. (quoting United States v. Cabrera-Umanzor, 728 F.3d 347, 350 (4th Cir. 2013) (emphasis in original)).

The first question before the court is whether the Hobbs Act as provided in 18 U.S.C. § 1951 is a divisible or

5

indivisible statute. The Hobbs Act as provided in 18 U.S.C. § 1951 is a divisible statute because multiple versions of the crime are set forth in the statute as alternative elements of offense. See Omargharib, 775 F.3d at 198 (A crime is divisible if it "set[s] out elements in the alternative and thus create[s] multiple versions of the crime"). Specifically, to support a conviction under 18 U.S.C. § 1951, a jury must unanimously agree that the defendant violated the statute by: (1) robbery; (2) extortion; (3) attempting to so rob or extort; (4) conspiring to so rob or extort; (5) committing physical violence to any person or property in furtherance of a plan or purpose to so rob or extort; or (6) threatening to commit physical violence to any person or property in furtherance of a plan or purpose to so rob or extort. See United States v. Mackie, No. 3:14-CR-183-MOC, 2015 WL 5732554, at *3 (W.D.N.C. Sept. 30, 2015). Finding 18 U.S.C. § 1951 a divisible statute, the court now refers to the superseding indictment, [D.E. #19], an approved document, to determine the element of offense with which defendant is charged. Defendant is charged in counts two and four of the superseding indictment with committing a violation of 18 U.S.C. § 1951 by robbery. [D.E. #19].

The court, having employed the modified categorical approach to find defendant has been charged with two counts of Hobbs Act robbery under 18 U.S.C. § 1951, must now determine

6

whether Hobbs Act robbery is categorically a crime of violence as defined in 18 U.S.C. § 924(c)(3). Even "the most innocent conduct" proscribed by the statute must qualify as a crime of violence to justify the sentencing enhancement under 18 U.S.C. § 924(c). United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012) (citing United States v. Diaz-Ibarra, 522 F.3d 343, 348 (4th Cir. 2008)).

Without considering the actual charged conduct of the defendant in the instant case, the court finds diverse means, not elements, by which Hobbs Act robbery may be committed. Specifically, although every Hobbs Act robbery under 18 U.S.C. § 1951 must result from "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will," see 18 U.S.C. § 1951(b), the unlawful taking may be effected by diverse means. A defendant may use either means of: (1) actual or threatened force; (2) violence; or (3) fear of injury, immediate or future, to another person or his property in the commission of the crime. See id.

Finding diverse means to commit the offense of Hobbs Act robbery under 18 U.S.C. § 1951, not elements as the government argues, the court concludes the statute is not further divisible and must now determine whether "the most innocent conduct" proscribed by the act qualifies as a crime of violence under 18 U.S.C. § 924(c). See Torres-Miguel, 701 F.3d at 167 (citing

7

Diaz-Ibarra, 522 F.3d at 348). An offense may qualify as a crime of violence if it satisfies the requirements of either 18 U.S.C. § 924(c)(3)(A), set forth supra and hereinafter referred to as the "force clause," or 18 U.S.C. § 924(c)(3)(B), also set forth supra and hereinafter referred to as the "residual clause."

### A. Force Clause

To qualify as a crime of violence under the force clause, Hobbs Act robbery under 18 U.S.C. § 1951 must categorically have "as an element the use, attempted use, or threatened use of physical force" against the person or property of another. 18 U.S.C. § 924(c)(3)(A). The court is convinced, and defendant does not oppose, that Hobbs Act robbery under 18 U.S.C. § 1951 may properly be considered a crime of violence when a defendant commits the offense by means of either: (1) actual or threatened force or (2) violence. Unless "the most innocent conduct" proscribed by the statute qualifies as a crime of violence, however, 18 U.S.C. § 1951 cannot be a predicate offense to justify a sentencing enhancement under 18 U.S.C. § 924(c). See Torres-Miguel, 701 F.3d at 167. Defendant argues the most innocent means to commit the offense, "by fear of injury, immediate or future, to another" person or his property, does not meet the required standard.

The question presented is whether placing someone in "fear of injury, immediate or future" to his person or property

8

requires the use, attempted use, or threatened use of "physical force" as contemplated under 18 U.S.C. § 924(c)(3)(A). In a similar context, the Supreme Court has defined "physical force" as "*violent* force – that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010) (emphasis in original) ("Johnson 2010"). In Johnson 2010, the Supreme Court noted the particular propriety of this definition of physical force when a court is asked to interpret a statute defining "violent" crimes. Id. at 141.

The court now considers whether committing Hobbs Act robbery by means of placing another in fear of injury to his person or property qualifies as a crime of violence under the force clause. Defendant asks the court, in its attempt to categorize what force is required to incite "fear of injury" in another, to follow an apparent logical extension from principles elucidated by the United States Court of Appeals for the Fourth Circuit in Torres-Miguel.

In Torres-Miguel, the Court of Appeals stated, "a crime may *result* in death or serious injury without involving *use* of physical force[.]" Id. at 168. Analyzing a California statute having as an element that the offender must "threaten[ ] to commit a crime which will *result* in death or great bodily injury to another," the Court of Appeals found that the statute does not "'necessarily include[ ] a threatened *use* of physical

9

force' to accomplish that 'result.'" Id. (emphasis in original). Extending the Court of Appeals' reasoning, defendant argues a person may fear injury, or even suffer death or serious injury for that matter, without that fear or injury resulting from the use, attempted use, or threatened use of "physical force."

For example, the Court of Appeals noted that a threat of poisoning, although almost certainly causing fear of injury to arise in the person targeted, "involves no use or threatened use of force." Id. at 168-69 (commenting in reference to United States v. Cruz-Rodriguez, 625 F.3d 274 (5th Cir. 2010)). Therefore, defendant argues Hobbs Act robbery is not categorically a crime of violence because placing another person in "fear of injury" *could* result not from the use, attempted use, or threatened use of "physical force" but rather from placing someone in "fear of injury" caused by some lesser force or even no force at all. Defendant's argument, although compelling, does not convince this court that Hobbs Act robbery is not categorically a crime of violence under the force clause.

Subsequent to the Court of Appeals' decision in Torres-Miguel, the Supreme Court provided further guidance regarding its definition of "physical force." In United States v. Castleman, __ U.S. __, 134 S.Ct. 1405, 1416-17 (2014), Justice

10

Scalia,[1] commenting on the causal connection between bodily injury and physical force, stated, "*it is impossible to cause bodily injury without using force 'capable of' producing that result.*"[2] Castleman, 134 S.Ct. at 1416-17 (Scalia, J. concurring) (emphasis added). "'[I]ntentionally or knowingly caus[ing] bodily injury'... categorically involves the use of 'force capable of causing physical pain or injury to another person'" (i.e. "physical force" or "violent force" as defined by Johnson 2010). Id. at 1417. (citing Johnson, 559 U.S. at 140). Therefore, following Justice Scalia's logic, placing someone "in fear of bodily harm" necessarily results from a threat of physical force.

Contrary to defendant's argument asking this court to extend the findings of the Fourth Circuit in Torres-Miguel to this case, the most innocent means by which a Hobbs Act robbery under 18 U.S.C. § 1951 may be committed necessarily includes as

---

[1] Justice Scalia authored the majority opinion in Johnson 2010.

[2] The court acknowledges the majority opinion did not reach this question considered by Justice Scalia in his concurrence, Castleman, 134 S.Ct. at 1413, because it concluded a common law definition of force was appropriate when used in 18 U.S.C. § 921(a)(33)(A)(ii) to define a class of misdemeanor crimes. Notwithstanding the majority opinion's refusal to reach this question, it later casts some doubt upon defendant's argument that a threat to poison another is not a "use, attempted use, or threatened use of physical force." The Court stated, "[t]he "use of force" [in this example] is not the act of 'sprinkling the poison;' it is the act of employing poison knowingly as a device to cause physical harm." Id. at 1415. The indirect nature of the application of force is irrelevant; otherwise, someone might argue "that pulling the trigger on a gun in not a 'use of force' because it is the bullet, not the trigger, that actually strikes the victim." Id. Again, the Court did not reach this question, but its comments in dicta are relevant to this court's analysis.

11

an element the "use, attempted use, or threatened use of physical force." To place another person in "fear of injury," particularly in the context of a felony robbery statute, the offender must threaten to "us[e] force capable of producing that result" – and this use of force fits the definition of "physical force" or "violent force" established in <u>Johnson</u> 2010 and clarified by Justice Scalia in <u>Castleman</u>.

Common law does not disparage this interpretation. "It is a settled principle of interpretation that, absent other indication, 'Congress intends to incorporate the well-settled meaning of the common-law terms it uses.'" <u>Sekhar v. United States</u>, __ U.S. __, 133 S.Ct. 2720, 2724 (2013) (citing <u>Neder v. United States</u>, 527 U.S. 1, 23 (1999)).

> [W]here Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed.

<u>Id.</u> (citing <u>Morissette v. United States</u>, 342 U.S. 246, 263 (1952)). Although Congress defines "robbery" in 18 U.S.C. § 1951(b)(1) more broadly than its traditional common law scope, at least with respect to the *object* of force, the nature and degree of force required appears to be unchanged.

12

In his commentary on the laws of England, Sir Edward Coke defined robbery as "a felony by the common law, committed by a violent assault, upon the person of another, by putting him in fear, and taking from his person his money or other goods of any value whatsoever." 3 Edward Coke, Institutes *68. Placing another person "in fear," therefore, has historically been a means by which this "most heinous felony" of robbery could be committed under common law. See id. Distinguishing between mere larceny and robbery, Coke states the robber takes from another "by violent assault, and putting in fear." Id. The "putting in fear" cannot be easily distinguished from the violence threatened; rather it is an amplification of the required violent assault.

Sir William Blackstone does not disagree. Blackstone defines robbery as "the felonious and forcible taking, from the person of another, of goods or money to any value, by violence or putting him in fear." 4 William Blackstone, Commentaries *241. Again, "putting in fear" is found restated in a historic common law definition. Blackstone distinguishes the "more atrocious" force required by the offense of robbery from the lesser force required by mere larceny. Id. at *242. Placing another person in fear, as required to commit the offense of robbery, implies a sufficient degree of force to create "an apprehension of danger" or "induce a man to part with his

13

property without or against his consent." Id. The kind of fear contemplated at common law does not result from a mere use or threat of an offensive touch; rather it is a more grave apprehension resulting from a threat of violent force.

In light of compelling clarification of the definition of "physical force" from the Supreme Court after Torres-Miguel and insights derived from common law definitions, this court finds that Hobbs Act robbery under 18 U.S.C. § 1951 necessarily has as an element the "use, attempted use, or threatened use of physical force" and is, therefore, categorically a crime of violence under the force clause set forth in 18 U.S.C. § 924(c)(3)(A). Defendant's motion to dismiss counts two and four of the superseding indictment is, therefore, DENIED.

B. Residual Clause

Finding Hobbs Act robbery under 18 U.S.C. § 1951 categorically a crime of violence under the force clause, the court declines to determine whether the residual clause is constitutional in light of Johnson 2015. See Ashwander v. TVA, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) (It is not the habit of the court to decide constitutional questions unless absolutely necessary).

**III. Carjacking**

Title 18 U.S.C. § 2119 proscribes the taking or attempted taking of a motor vehicle from the person or presence of another, affecting interstate commerce, by force and violence or by intimidation with the intent to cause death or serious bodily harm. Specifically § 2119 states:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
>
> (1) be fined under this title or imprisoned not more than 15 years, or both,
>
> (2) if serious bodily injury (as defined in section 1365 of this title, including any conduct that, if the conduct occurred in the special maritime and territorial jurisdiction of the United States, would violate section 2241 or 2242 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
>
> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119.

The question presented is whether carjacking under 18 U.S.C. § 2119 is categorically a crime of violence as defined by 18 U.S.C. § 924(c)(3)(A). The court employs the same analysis prescribed in Section II supra.

First, the court must determine whether 18 U.S.C. § 2119 is a divisible or indivisible statute. The Supreme Court has construed 18 U.S.C. § 2119 as "establishing three separate offenses by the specification of distinct elements..." <u>Jones v. United States</u>, 526 U.S. 227, 252 (1999). The alternative elements are set forth in subsections (1), (2), and (3) of the statute. The offense of carjacking may be committed: (1) without causing serious bodily injury or death, <u>see</u> 18 U.S.C. § 2119(1); (2) with serious bodily injury occurring but not death, <u>see</u> § 2119(2); or (3) resulting in death, <u>see</u> § 2119(3). Because the Court has construed these subsections as alternative elements of offense, <u>see</u> <u>Jones</u>, 526 U.S. at 252, the court must employ the modified categorical approach and consult an approved document, if available, to determine which of the alternative elements of offense with which defendant is charged in the instant case. <u>Descamps</u>, 133 S.Ct. at 2284-85. The superseding indictment, [D.E. #19], an approved document, shows defendant was charged with carjacking under 18 U.S.C. § 2119(2).

The court, having employed the modified categorical approach to find defendant has been charged with carjacking under 18 U.S.C. § 2119(2), must now determine whether this offense is categorically a crime of violence as defined in 18 U.S.C. § 924(c)(3). As discussed <u>supra</u>, even "the most innocent conduct" proscribed by the statute must qualify as a crime of

16

violence to justify the sentencing enhancement under 18 U.S.C. § 924(c). Torres-Miguel, 701 F.3d at 167 (citing Diaz-Ibarra, 522 F.3d at 348)).

To be convicted of an offense under 18 U.S.C. § 2119, a jury must find beyond a reasonable doubt that the offender "(1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." United States v. Foster, 507 F.3d 233, 246-47 (4th Cir. 2007) (citing United States v. Applewhaite, 195 F.3d 679, 685 (3d Cir. 1999)). When a person is charged under subsection (2) of 18 U.S.C. § 2119, the jury must additionally find beyond a reasonable doubt that serious bodily injury resulted. "Serious bodily injury" as used in this subsection means bodily injury which involves: "(A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty[.]" 18 U.S.C. § 2119(2) (incorporating the statutory definition of "serious bodily injury" set forth in 18 U.S.C. § 1365(h)(3)).

### A. Force Clause

This court finds, and defendant does not oppose, that carjacking under 18 U.S.C. § 2119(2), when committed by means of

17

force and violence, qualifies as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). Defendant argues, however, that because a person may be convicted under 18 U.S.C. § 2119 when he commits the offense by means of "intimidation," rather than "force and violence," the offense is categorically not a crime a violence under the force clause set forth in 18 U.S.C. § 924(c)(3)(A). This court disagrees.

Assuming, but not deciding, that defendant's proposed definition of "intimidation" - putting another in fear of bodily harm, (Def's Mot. Dismiss & Memo. 17, D.E. #44) - is correct, defendant fares no better on this question than he did on the one presented in Section II(A) supra. In fact, the analysis is no different because no meaningful distinction can be made between placing someone "in fear of injury" and placing someone "in fear of bodily harm."

For the same reasons set forth in Section II(A) supra, 18 U.S.C. § 2119(2), when committed by means of "intimidation" - placing someone in fear of bodily harm - is categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A). Placing someone "in fear of bodily harm" necessarily results from a threat of physical force if, as Justice Scalia concludes, "*it is impossible to cause bodily injury without using force 'capable of' producing that result.*" Castleman, 134 S.Ct. at 1416-17 (Scalia, J. concurring) (emphasis added). Therefore, 18 U.S.C.

18

Case 5:15-cr-00057-H   Document 54   Filed 10/20/15   Page 18 of 20

§ 2119(2) is a crime of violence under the force clause set forth in 18 U.S.C. § 924(c)(3)(A) because it has as an element the "use, attempted use, or threatened use of physical force." Defendant's motion to dismiss count six of the superseding indictment is DENIED.

### B. Residual Clause

Finding carjacking under 18 U.S.C. § 2119 categorically a crime of violence under the force clause, the court declines to determine whether the residual clause is constitutional in light of Johnson 2015. See Ashwander, 297 U.S. at 347 (1936) (Brandeis, J., concurring) (It is not the habit of the court to decide constitutional questions unless absolutely necessary).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss counts two, four, and six of the superseding indictment, [D.E. #44], is DENIED.

This matter is hereby scheduled for trial, with jury selection to commence at **10:00 a.m. on Monday, December 14, 2015**, at the United States Courthouse in Greenville, North Carolina.

Counsel shall appear in chambers at **9:30 a.m. on December 14, 2015**, with their proposed witness lists, which shall specifically identify the names and cities of residence of each witness. Counsel shall submit any proposed voir dire and

requests for jury instructions no later than **December 4, 2015**. Estimated trial time is four days.

Any delay that results from this continuance of defendant's trial is excluded from Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A) for the reason that the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial.

This 20TH day of October 2015.

	Malcolm J. Howard
	Senior United States District Judge

At Greenville, NC
#34